**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KAITLYN M. COOPER, | : | Civil No. 3:24-cv-757 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| SCI MUNCY WARDEN NICHOLAS, *et al.*, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the Court is a civil rights complaint pursuant to 42 U.S.C. § 1983, filed by Kaitlyn Cooper ("Cooper"), an inmate confined at the State Correctional Institution, Muncy, Pennsylvania ("SCI-Muncy"). (Doc. 1). Named as Defendants are Warden Wendy Nicholas, the Pennsylvania Board of Probation and Parole, Mrs. Lambert—the Records Supervisor at SCI-Muncy, and Cortney Ortiz—Central Office Records Department employee. Cooper alleges that her sentence is illegal. She also attacks the conditions of confinement at SCI-Muncy.

The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), (iii) and 28 U.S.C. §§ 1915A(b)(1), (b)(2).

## I.   Legal Standards

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is

proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl*.

2

*Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  The

plaintiff must aver "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129

S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic

recitation of the elements of a cause of action will not do.'"  *DelRio-Mocci v. Connolly Prop.*

*Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555).  In other words,

"factual allegations must be enough to raise a right to relief above the speculative level."

*Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013)

(internal citations and quotation marks omitted).  A court "take[s] as true all the factual

allegations in the Complaint and the reasonable inferences that can be drawn from those

facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements."  *Ethypharm S.A. France v.*

*Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation

marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to

determine the sufficiency of a complaint: First, the court must take note of the elements a

plaintiff must plead to state a claim.  Second, the court should identify allegations that,

because they are no more than conclusions, are not entitled to the assumption of truth.

Finally, where there are well-pleaded factual allegations, a court should assume their

3

veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Cooper proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II.   Discussion

Cooper seeks to assert federal constitutional claims under 42 U.S.C. § 1983.  The complaint primarily consists of the factual and procedural background of Cooper's state

4

court criminal case.  (Doc. 1 ¶¶ 8-35).  The crux of Cooper's claim is that her sentence is

illegal, Defendants lack authority to detain her, and that she is falsely imprisoned.  She also

sets forth a general allegation that she was denied the right to practice her religion.  (*Id.* ¶¶

36, 47).  Cooper does not assert that any of the named Defendants were personally

involved in the alleged constitutional violation.  Cooper seeks immediate release from

custody[1], declaratory and injunctive relief, and monetary damages.  (*Id.* ¶¶ 39-56).

Section 1983 of Title 42 of the United States Code offers private citizens a cause of

action for violations of federal law by state officials.  42 U.S.C. § 1983.  The statute provides,

in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom,
> or usage, of any State or Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper proceeding for
> redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95

F.3d 1199, 1204 (3d Cir. 1996).  To state a claim under § 1983, a plaintiff must allege "the

violation of a right secured by the Constitution and laws of the United States, and must

show that the alleged deprivation was committed by a person acting under color of state

law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[1]    To the extent that Cooper desires release from custody, she cannot obtain it in a § 1983 action,
but must instead seek a writ of habeas corpus.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

## A.    Claims Against the Pennsylvania Board of Probation and Parole

The Eleventh Amendment bars suits against a state and its agencies in federal court.

*See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v.*

*Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003).  And the Eleventh Amendment

affords the Pennsylvania Board, a state agency, protection from suit in an action brought

pursuant to 42 U.S.C. § 1983.  *See Harper v. Jeffries*, 808 F.2d 281, 284 n. 4 (3d Cir.1986)

(citing *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam)).  The Commonwealth of

Pennsylvania has not waived its rights under the Eleventh Amendment.  *See Lavia v. Pa.*

*Dep't of Corr., 2*24 F.3d 190, 195 (3d Cir.2000); 42 Pa. Cons.Stat. Ann. § 8521(b).

Therefore, Cooper's claims against the Pennsylvania Board of Probation and Parole are

barred by the Eleventh Amendment.

## B.    Claims Against Nicholas, Lambert, and Ortiz

Copper also names as Defendants Wendy Nicholas—the Warden of SCI-Muncy,

Mrs. Lambert—the Records Supervisor at SCI-Muncy, and Cortney Ortiz—Central Office

Records Department employee.  Cooper's complaint fails to allege any personal

involvement of these individuals and fails to set forth any factual averments that identify how

they were involved in any alleged wrongdoing.

Individual liability can be imposed under 42 U.S.C. § 1983 only if the state actor

played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on

the operation of respondeat superior."  *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)

6

(quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)); *Sutton v. Rasheed*, 323

F.3d 236, 249-50 (3d Cir. 2003). "A defendant in a civil rights action must have personal

involvement in the alleged wrongs…Personal involvement can be shown through

allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d

at 1207-08; *see also Rizzo v. Goode*, 423 U.S. 362 (1976); *Atkinson v. Taylor*, 316 F.3d 257

(3d Cir. 2003). Such allegations, however, must be made with appropriate particularity in

that a complaint must allege the particulars of conduct, time, place, and person responsible.

*Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an

individual defendant had personal knowledge or involvement in depriving the plaintiff of his

rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208. A

defendant "cannot be held responsible for a constitutional violation which he or she neither

participated in nor approved." *C.H. ex rel. Z.H. v. Olivia*, 226 F.3d 198, 201-202 (3d Cir.

2000). And a claim of a constitutional deprivation cannot be premised merely on the fact

that the named defendant was the prison warden, or a prison supervisor, when the incidents

set forth in the complaint occurred. *Rode*, 845 F.2d at 1207.

Cooper's claims against Defendant Nicholas appear to be based solely on her role

as Warden of SCI-Muncy, Cooper's current place of confinement. (Doc. 1 ¶ 4). With

respect to Defendant Lambert, the Records Supervisor at SCI-Muncy, and Defendant Ortiz,

an employee of the Central Office Records Department, the complaint reflects that neither

of these Defendants had any involvement in any alleged constitutional violations at SCI-

Muncy. (*Id.* ¶¶ 6-7). The complaint does not provide any specific factual averments explaining how these Defendants violated Cooper's constitutional rights. Notably, Defendants Nicholas and Lambert are not mentioned anywhere in the factual allegations of the complaint. And the only reference to Defendant Ortiz alleges that she mailed a DC-16E Sentence Status Summary form to Cooper, reflecting her maximum release date. (*Id.* ¶¶ 20-21, 23-24). To the extent that Cooper seeks to hold these Defendants liable based on their supervisory positions, this claim also fails. It is well-established that supervisors may not be held liable for alleged unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Rode,* 845 F.2d at 1207. Accordingly, to the extent that Cooper's claims rely on a *respondeat superior* theory of liability against these Defendants, they are entitled to dismissal.

## III.    Leave to Amend

The Court recognizes that the sufficiency of this *pro se* pleading must be construed liberally in favor of Cooper. *See Erickson*, 551 U.S. 89. The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Consequently, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235

8

(3d Cir. 2004)).  Based on the nature of the allegations, the Court finds that affording

Cooper leave to amend would be both futile and inequitable.

## IV.    **Conclusion**

The Court is confident that service of process is unwarranted in this case and the

complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii) and 28 U.S.C.

§ 1915A(b)(1), (b)(2).  A separate Order shall issue.


Robert D. Mariani
United States District Judge

Dated: May _____, 2024